[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this action, defendant Carter Custom Homes, Inc. CT Page 8796 was defaulted for failure to appear and defendant Joseph Carter was defaulted for failure to plead. Accordingly, this matter came before the court for a hearing in damages.
Plaintiff testified that he and defendant Carter Custom Homes, Inc. owned adjacent parcels of land in the town of Glastonbury. He further testified that he entered into an oral agreement in or about May 1987 with defendant Carter to share equally the expenses associated with obtaining subdivision approval for the adjacent parcels owned by plaintiff and defendant Carter Custom Homes.
Shortly after said agreement was entered into, plaintiff commenced incurring expenses relative to obtaining subdivision approval and defendant Carter reimbursed plaintiff for some of the expenses. Since that time, plaintiff has incurred and paid an additional sum of $56,125.66 and has not received reimbursement of half of said expenditure.
Plaintiff also claims that defendant Carter also orally agreed to share equally in the costs of constructing a paved road for the subdivision created for the adjacent parcels, and further alleges that the cost of constructing such a paved road will be $180,000.00 and seeks reimbursement for one-half of said cost or $90,000.00.
As for the expenses related to obtaining subdivision approval, defendant commenced making some payments in accordance with the alleged oral agreement and as a result of the partial performance, is obligated to pay one-half of the expenses incurred relative to obtaining subdivision approval by virtue of the agreement and the benefit conferred upon defendant.
In regard to plaintiff's claim for reimbursement of one-half the cost of the construction of a proposed road for the subdivision, this claim goes beyond the obtaining of subdivision approval and involved an oral agreement to develop the real estate after the subdivision has been approved. Since the alleged oral agreement occurred on or about May, 1987, and since construction of the paved road has not commenced as of August, 1992, the court finds that plaintiff has failed to sustain his burden of proof as to this portion of his claim as the alleged oral contract to construct a paved road is unenforceable at this time. Further, the only evidence CT Page 8797 plaintiff offered regarding the cost of such a proposed road was based on an oral statement of defendant Carter, and this limited evidence is insufficient to meet plaintiff's burden of proof regarding damages.
Accordingly, judgment may enter for the plaintiff against the defendants for the sum of $28,062.83.
JOSEPH H. GOLDBERG SENIOR JUDGE